**SheppardMullin**

# MEMO ENDORSED

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10112-0015
212.653.8700 main
212.653.8701 fax
www.sheppardmullin.com

212.634.3043 direct
jstoler@sheppardmullin.com

December 15, 2025

**VIA ECF**

Hon. Edgardo Ramos
United States District Judge
U.S.D.C. Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

> Howden's request to vacate the TRO and adjourn the preliminary injunction hearing is denied. Howden may make its arguments regarding personal jurisdiction in its response to the plaintiffs' request for a preliminary injunction, as directed in the Order to Show Cause.
>
> It is SO ORDERED.
>
> Edgardo Ramos, U.S.D.J.
> Dated: December 15, 2025
> New York, New York

        Re:    Case No. 15-CV-10275-ER

Dear Judge Ramos:

        We represent Defendant Howden US Services, LLC ("Howden") in the above-referenced matter commenced on December 11, 2025 by Plaintiffs Aon Risk Services Companies, Inc. and Aon Risk Services Northeast, Inc. (together "Aon") by Complaint together with a Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction.  The Court granted the TRO on December 12, 2025, set forth a briefing schedule, and scheduled this matter for hearing on Aon's request for a preliminary injunction on December 18, 2025 at 2:30PM.

        Howden writes to advise the Court of its intention to file a motion to dismiss the Complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) in accordance with Rule 2(A)(ii) of Your Honor's Individual Rules of Practice.  As a direct consequence, Howden requests that the TRO be immediately vacated against Howden, and that the preliminary injunction hearing be adjourned, until such time as the Court issues a determination on Howden's forthcoming Motion. *See Jiangzi Zhengao Recycled Textile Indus. Co., Ltd. v. Amazon.com Services, LLC*, No. 23-CV-9692 (JGLC), 2023 WL 8700956, at *2 (S.D.N.Y. Dec. 15, 2023) (denying motion for preliminary injunction and dissolving a temporary restraining order for lack of jurisdiction).

        A plaintiff bears the burden of demonstrating a court's personal jurisdiction over a defendant. *See Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34-35 (2d Cir. 2010).  To meet this burden, a plaintiff must show "legally sufficient allegations of jurisdiction," including "an averment of facts that, if credited, would suffice to establish jurisdiction of the defendant." *In re Magnetic Audiotape*, 334 F.3d 204, 206 (2d Cir. 2004).  To demonstrate personal jurisdiction, a plaintiff must show, *inter alia*, the exercise of personal jurisdiction comports with constitutional due process principles. *See Schwab Short-Term Bond Mkt. Fund v. Lloyds Banking Grp. PLC*, 22 F.4th 103, 121 (2d Cir. 2021).  Aon has not and cannot make this demonstration.

        Due process requires that a defendant have "certain minimum contacts with [New York] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014).  There are two categories of personal jurisdiction: specific and general.  General jurisdiction considers where a corporation is "at home;" that is, where it is incorporated and where it has its principal place of business. *See id.* at 137.  Specific jurisdiction is available when "the cause of action sued upon arises out of the defendant's

**Sheppard**Mullin

Hon. Edgardo Ramos
Page 2

activities in a state." *Marsh & McLennan Agency, LLC v. Alliant Ins. Servs., Inc.*, No. 25-CV-1260 (JAV), 2025 WL 2916153, at *4 (S.D.N.Y. Oct. 14, 2024) (internal citations omitted). The relevant test is whether "the defendant's 'suit-related conduct' creates a 'substantial connection with the forum state.'" *Id.* "The relationship must arise out of contacts that the defendant *himself* creates within the forum State," and not a plaintiff's contacts or a third party's." *Id.* at *5 (internal citation omitted).

Aon makes no allegation of general jurisdiction over Howden, and there is no such basis: Howden is not incorporated and does not maintain its principal place of business in New York. The fact that Howden may have an office or personnel in New York, or have participated in litigation in New York, is of no moment. *See id.* (citing *Anderjaska v. Bank of Am., N.A.*, No. 19-CV-3057-LTS-GWG, 2021 WL 877558, at *3 (S.D.N.Y. Mar. 9, 2021) (dismissing defendants based on lack of personal jurisdiction despite each bank having office spaces and workforces in New York)).

Aon instead relies upon an allegation of specific jurisdiction. (Compl. ¶23 ("This Court has personal jurisdiction over Howden because Howden does business in New York; hired Rampersaud in New York; and engaged in tortious and other suit-related conduct in New York, as described in this Complaint.")). A review of the Complaint, however, reveals this contention to be entirely hollow.

First, as set forth above, simply "doing business" in New York is an insufficient basis to confer jurisdiction. *See Marsh*, 2025 WL 2916153, at *4-5. Even so, Aon makes no effort to expand upon that allegation by, for example, identifying Howden's purported office locations, the size of its alleged workforce, or the nature of its operations.

Second, the fact that Howden hired Rampersaud (or any other Aon employee) in New York is irrelevant. Aon advances no claim based upon a non-compete agreement and does not otherwise contend that the act of hiring Rampersaud or any Aon employee to work in New York is unlawful. Accordingly, this cannot serve as a basis for assigning "suit-related conduct" because the event is not related to any allegation or claim in the Complaint.

Third, Aon does not identify any other "suit-related conduct" by Howden occurring within New York. Indeed, Aon does not make a substantive allegation concerning Howden before Paragraph 51 of the Complaint. The overwhelming majority of the Complaint is limited to detailing Rampersaud's individual efforts to allegedly misappropriate alleged Aon confidential information. By contrast, the exhaustive list of Aon's allegations concerning Howden is as follows:

- Aon pleads at the outset that Rampersaud allegedly met with Howden's CEO in London. (Compl. ¶1, 52); and

- Aon contends that Howden sent an unsolicited job offer to another employee. (*Id.* ¶1, 64); and

- Aon contends that Rampersaud had other discussions with a Howden executive based in Florida, but offers no allegation concerning the substance or location of such discussions. (*Id.* ¶53).

**Sheppard**Mullin

Hon. Edgardo Ramos
Page 3

That is all.  Aon makes no allegations that: (i) Howden directed Rampersaud or any other third-party to obtain or disclose confidential information belonging to Aon; (ii) Howden obtained or used any Aon confidential information; (iii) Howden directed Rampersaud or any other third-party to solicit clients, or that such solicitations have even occurred;[1] or (iv) Howden directed Rampersaud or any other third-party to solicit Aon employees.  This is a vacuum of jurisdictional allegations, particularly when juxtaposed against the only misappropriation and tortious interference claims advanced against Howden, and each non-event, of course, did not occur within New York.  As such, Aon has not and cannot meet its burden to establish that the Court has specific jurisdiction over Howden. *See Marsh*, 2025 WL 2916153, at *4-5.

Accordingly, Howden respectfully requests that the Court:

1.      Set a briefing schedule concerning Howden's anticipated motion.  Howden is prepared to file its Motion by December 17, 2025 and is amenable to any convenient response date for Aon given the time of year;

2.      Vacate the TRO to the extent it presently purports to bind Howden.  TROs issued in the absence of personal jurisdiction are void. *See Jiangzi Zhengao Recycled Textile Indus. Co., Ltd.,* 2023 WL 8700956, at *2; *Intrepid Fin. Partners, LLC v. Fernandez*, No. 20-CV-9779 (LTS), 2020 WL 7774478, at *4 (S.D.N.Y. Dec. 30, 2020) (denying motion for preliminary injunction and dissolving a temporary restraining order for lack of jurisdiction); and

3.      Adjourn the current preliminary injunction hearing scheduled for December 18, 2025 until this threshold jurisdictional matter is resolved.[2]  Howden notes that at least one SDNY court has recently delayed ruling on TROs and requests for preliminary injunctions in cases involving similar parties, claims, and requests for relief, such that Aon should not be heard to complain of prejudice.  *See Marsh USA LLC v. Michael Parrish, et al*, 25-CV-6208-GBD-GS, ECF Nos. 32, 62 (S.D.N.Y. July 30, 2025) (setting an initial conference for approximately 35 days after the filing of a motion for a temporary restraining order and preliminary injunction advancing similar claims, rather than ruling *ex parte*, and directing opposition briefs to be filed three weeks after the conference).

We thank the Court for its consideration of this important issue.

---

[1] Aon suggests this in the final bullet-point of Paragraph 1 of the Complaint, but there are no supporting allegations elsewhere in the Complaint beyond a brief contention made "upon information and belief" that Rampersaud "called upon at least three [unidentified] Aon clients" at some unidentified time.  (Compl. ¶83).  There is no allegation that this was directed by or known to Howden, nor any allegation that these clients were based in New York.

[2] Howden's anticipated Motion does not concern the Individual Defendants.  However: (i) Aon's primary allegation against the Individual Defendants concerns the alleged misappropriation of confidential information, and Howden's Counsel has already taken steps to obtain such information from the Individual Defendants to return to Aon; and (ii) a piecemeal hearing on Aon's request for equitable relief would be inefficient.

**SheppardMullin**

Hon. Edgardo Ramos
Page 4

Respectfully submitted,

*/s/ Jonathan Stoler*

Jonathan Stoler
for SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP

Cc:     All Counsel of Record (via ECF)

SMRH:4903-5187-8785.1

**SheppardMullin**