**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AON RISK SERVICES COMPANIES, INC. and AON RISK SERVICES NORTHEAST, INC., | ) )  ) |
| Plaintiffs, | ) ) ) |
| v. | )  **ORDER** ) )  Case No: 1:25-cv-10275 |
| ANTHONY RAMPERSAUD, NANCY MONTALVO, and HOWDEN US SERVICES, LLC, | ) ) ) ) |
| Defendants. | ) ) |

**PRELIMINARY INJUNCTION**

HON. EDGARDO RAMOS, United States District Judge:

      **WHEREAS**, Plaintiffs Aon Risk Services Companies, Inc. and Aon Risk Services Northeast, Inc. (together, "Aon") submitted an application for a Temporary Restraining Order and Preliminary Injunction on December 11, 2025;

      **WHEREAS**, Aon's application moves the Court to enter a preliminary injunction restraining certain activities of Defendants Anthony Rampersaud ("Rampersaud"), Nancy Montalvo ("Montalvo," and together with Rampersaud, the "Individual Defendants"), and Howden US Services, LLC ("Howden," and together with the Individual Defendants, "Defendants");

      **WHEREAS**, the Court entered a Temporary Restraining Order concerning Defendants on December 12, 2025 (ECF No. 7);

      **WHEREAS**, the Court held a hearing concerning Aon's application for a preliminary injunction on December 18, 2025 and determined that Aon met its burden to demonstrate entitlement to a preliminary injunction as to all Defendants, for the reasons stated on the record;

**WHEREAS**, the Court directed the Parties to meet and confer concerning a consent injunction, but the Parties represented to the Court on December 22, 2025, that they were unable to reach agreement;

**IT IS HEREBY ORDERED**, as follows:

1.      Defendants are enjoined from using or disclosing any Aon confidential information (as defined in the Individual Defendants' agreements with Aon).  The Individual Defendants and Howden will return any Aon confidential information in their possession to Aon within five (5) days of the entry of the Court's Order, including (without limitation) any confidential information listed in the Complaint and Exhibits, and any additional information Aon identifies in writing to the Individual Defendants and Howden for return. To the extent that any such information is stored electronically, the Individual Defendants and Howden will provide copies of the files to Aon and either delete or retain the files, at Aon's option. If any confidential information identified by Aon is not in the Individual Defendant's or Howden's possession or cannot be located, the Individual Defendants or Howden (as applicable) will so certify under oath;

2.      The Individual Defendants are enjoined from directly or indirectly soliciting any Aon employees with whom the Individual Defendants had material contact, supervised, or about whom they had access to confidential information (as defined in the Individual Defendants' agreements with Aon), to work for Rampersaud or Howden. Howden is enjoined from soliciting Aon  employees through the Individual Defendants, or using information provided by the Individual Defendants to solicit Aon employees;

3.      The Individual Defendants are enjoined from directly or indirectly calling upon, soliciting, accepting, engaging in, servicing, or performing any business of the same type or kind as the business they performed for Aon, from or with respect to clients of Aon with respect to whom the Individual Defendants provided services (either alone or with others), had a business relationship with, worked with, or supervised the servicing activities related to such clients during the 24 months prior to November 25, 2025 (provided such clients were Aon clients on November 25, 2025, or within 12-months prior to such date), or about whom Individual Defendants had access to confidential information (as defined in the Individual Defendants' agreements with Aon) (collectively, the "Restricted Clients").  Howden is enjoined from directly or indirectly soliciting, servicing, or accepting any broker of record letters ("BORs") from any Restricted Clients through the Individual Defendants or any Howden officer, agent, or employee working with or for the Individual Defendants.

4.      Mr. Rampersaud shall return the Aon cell phone to Aon forthwith.  Aon shall maintain the cell phone for safekeeping and refrain from accessing or conducting any forensic analysis on its contents until further order of the Court.

5.      Pursuant to Fed. R. Civ. P. 65(d)(2), this Order is binding on: Defendants; each of their officers, agents, servants, employees and attorneys who have notice of this Order; and all other persons in active concert or participation with them who have notice of this Order.

6.      Aon should post a bond of $250,000 within ten (10) days of the entry of this Order.

Dated: December 24, 2025

SO ORDERED.

_____

EDGARDO RAMOS
United States District Judge